**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ALICIA DEAN, o/b/o R.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 2:08-CV-107-MEF** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alicia Dean ("Dean") applied for supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, on behalf of her minor daughter, R.D. ("RD"), who is now 13 years old. After the administrative denial of her application, RD petitioned for and received a hearing before an administrative law judge ("ALJ"). On July 14, 2007, the ALJ ruled against RD. Specifically, the ALJ held that RD was not under a "disability" as defined in the Social Security Act at any relevant time in issue.[1] On January 28, 2008, the Appeals Council rejected review, thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[2] Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court recommends the Commissioner's decision be REMANDED for further proceedings.

**I. STANDARD OF REVIEW**

---

[1] R. at 34.

[2] R. at 4-7.

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard for defining child disability under the Social Security Act. *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996). The statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

> 1. If the claimant is engaged in substantial gainful activity, he is not disabled.
> 2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, he is not disabled.
> 3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d).

If an ALJ finds a child's severe impairments do not meet or medically equal regulatory Listings, he must determine whether the impairments are "functionally equivalent" to the Listings. This task requires an ALJ to assess the degree to which a child's limitations interfere with normal life activities. Regulations specify six major domains of life for evaluation:

(i) acquiring and using information;

(ii) attending and completing tasks;
(iii) interacting and relating with others;
(iv) moving about and manipulating objects;
(v) caring for oneself; and
(vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1). If a child has "marked" limitations in two of these domains, or and "extreme" limitation in one, the child is considered to have "functionally equaled" the Listing. *Shinn v. Commissioner of Social Security*, 391 F. 3d 1276, 1279 (11th Cir. 2004). The Commissioner's regulations provide that if a child's impairment or impairments do meet, medically equal, or functionally equal a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2). In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Shinn*, *id.* at 1282.

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at

1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## A.  ADMINISTRATIVE FINDINGS

RD was a twelve year old, sixth grade student during the administrative hearing on March 20, 2005.[3] Dean alleges RD suffers from developmental delay (including speech/language problems), and bladder problems.[4] RD has never engaged in substantial gainful activity, and consequently, has not done so since January 18, 2005, the alleged onset date of disability.[5] Dean testified that RD was in regular classes on the hearing date, but had previously received accommodations under Section 504 of the Rehabilitation Act of 1973.[6] RD behaves inappropriately towards her sister on occasion, but has never been expelled from school, and had not been on medication for ADD/ADHD or her bladder condition since the expiration of her insurance coverage in 2005.[7] RD rides the school bus by herself and does her homework or reads with her

---

[3] R. at 389.

[4] R. at 76.

[5] R. at 23.

[6] R. at 389.

[7] R. at 390, 392-93, 398.

4

mother after school. Dean said RD does a lot of daydreaming and she constantly has to redirect her attention to the task or chore at hand, that RD fidgets a lot, talks excessively, and believes that something is crawling on her two or three times a week.[8] While in treatment at Montgomery Mental Health, counselors discovered RD was a possible victim of sexual abuse perpetrated by a friend of her brother, and the ALJ ordered an additional psychological evaluation on this issue.[9] Dean also testified that in addition to ongoing problems with bedwetting, RD had twenty to thirty incidents of urinating on herself during school hours during the current school year.[10] Dean reported the medication for RD's bladder condition did not help, but seemed to aggravate the problem.[11]

A medical expert testified as to RD's medical conditions. Although the transcript is somewhat confusing about the expert's testimony, it appears he said RD met or equaled the listings at 20 C.F.R. 404 Subpart P § 112.06 for anxiety disorder.[12] The expert's statements regarding RD's domain functions is similarly unclear, although the ALJ found

---

[8] R. at 401-03.

[9] R. at 403-04, 412.

[10] R. at 406.

[11] R. at 407.

[12] In response to the ALJ's inquiry as to whether RD met or equaled any of the Listings, the expert replied "9F, anxiety disorder (INAUDIBLE)." R. at 410. Record Exhibit 9F is a disability evaluation conducted in April, 2005 by Vonceil C. Smith, Ph.D., a licensed psychologist. Dr. Smith diagnosed RD w/ ADHD, anxiety disorder, and borderline intellectual functioning. The Court reads the expert's testimony as adopting Dr. Smith's findings to opine RD met the Listing for anxiety disorder at 20 C.F.R. 404 Subpart P § 112.06.

RD does not meet or equal any listing.[13]  The ALJ concluded the medical evidence supported findings of the following "severe" impairments: borderline intellectual functioning, attention deficit hyperactivity disorder, combined type; language delay, depression, anxiety disorder (not otherwise specified), incontinence, and status post sexual abuse.[14]  The ALJ found RD to have the following abilities or impairments in the specified domains: (1) less than marked limitation - acquiring and using information; (2) less than marked limitation- attending and completing tasks; (3) less than marked limitation- interacting and relating with others; (4) no limitation - moving about and manipulating objects; (5) less than marked limitation - caring for herself, and, (6) no limitation - health and physical well-being.[15]  The ALJ applied the guidelines for determining disability using the domains of functioning method at 20 CFR 416.926a(e) to conclude that RD's impairment of functioning did not meet the levels necessary for her to establish disability.[16]  Accordingly, the ALJ found RD was not disabled within the meaning of the Social Security Act.[17]

---

[13]R. at 410, 27.

[14]R. at 23.

[15]R. at 28-34.

[16]R. at 23, 34.

[17]R. at 34.  The ALJ's disability analysis followed the sequential evaluation process for child disability determinations set forth in 20 C.F.R. §416.924, and summarized in *Shinn v. Commissioner of Social Security*, 391 F. 3d 1276, 1278-79 (11th Cir. 2004).

### III.  ISSUES

Dean presents four issues for judicial review:

      1.  Whether the ALJ erred in finding the combination of RD's impairments did not meet listing level severity.

      2.  Whether the ALJ erred by failing to explain how he considered relevant evidence.

      3.  Whether the ALJ erred by assigning substantial weight to the testifying medical expert.

      4.  Whether the ALJ erred by failing to provide specific reasons for rejecting Dean's testimony.

### IV.  DISCUSSION

**A.** **Remand is required for clarification as to whether RD meets the Listing for anxiety disorder, and complete analysis under a specific Listing.**

Dean argues the ALJ erred in finding the combination of RD's impairments did not meet or equal the Listings. She specifically challenges the finding that RD did not qualify for disability benefits under Listings 112.04, 112.05D, and 112.11.  The Commissioner argues the ALJ properly determined RD did not meet any Listing.  The Court disagrees, as it interprets the transcribed testimony of the medical expert to mean RD met the Listing for anxiety disorder.  Even though Dean does not raise this issue, and only contests the ALJ's substantive analysis of whether the combined impairments meet or equal a Listing, the Court

remands for clarification on this point and further analysis, if appropriate.

On remand, the ALJ should be mindful of two decisions cited in Dean's argument to support her position that more detail is required at step three of the disability analysis. First, is *Brindisi v. Barnhart*, 315 F.3d 783 (7th Cir. 2003), where the Seventh Circuit remanded for further proceedings because the ALJ's decision did not discuss the claimant's impairments in the context of any specific Listing, and therefore prevented meaningful judicial review. *Brindisi*, 315 F.3d at 786. The second decision, issued by this Court, is *Ellington v. Astrue*, 2:07cv789-CSC, 2008 WL 1805435 (M.D. Ala. April 18, 2008). *Ellington* relied upon *Shinn* to remand after noting the ALJ's failure to discuss claimant's impairments with regard to any specific Listing, or to separate his discussions of whether the claimant meets, medically equals, or functionally equals the Listings. *Ellington*, 2008 WL at 8, citing *Shinn* at 1278. *See also Kenefick v. Astrue*, 535 F.Supp.2d 898, 906-07 (N.D. Ill. 2008); *Veiga v. Astrue*, 8:07cv1001-T-EAJ, 2008 WL 4371330, at *10 (M.D. Fla. Sept. 19, 2008). Although the child claimant in this case does not appear to present the problems manifested by those in *Ellington* or *Veiga*, she remains entitled to the full process approved by the Eleventh Circuit in *Shinn*.

## V.  CONCLUSION

For the reasons explained in this *Recommendation*, the Magistrate Judge concludes that the ALJ's decision is not supported by substantial evidence and proper application of the relevant law, and therefore, **RECOMMENDS** that the decision of the Commissioner be **REMANDED for further proceedings consistent with this opinion**.

***It is further ORDERED that the parties shall file any objections to the said Recommendation by December 9, 2008.***  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of November, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE